FILED
United States Court of Appeals
Tenth Circuit

June 10, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERMAN SANCHEZ-GUZMAN,

Defendant - Appellant.

No. 07-7078
(D. Ct. No. 07-CR-00004-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant German Sanchez-Guzman pleaded guilty to illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a). Mr. Sanchez-Guzman, acting on his own behalf, filed a timely notice of appeal. His appointed counsel then filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We have reviewed the

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

record and conclude that no meritorious appellate issues exist. Accordingly, we DISMISS Mr. Sanchez-Guzman's appeal.

## I. BACKGROUND

On January 24, 2007, a federal grand jury indicted Mr. Sanchez-Guzman on three counts: (1) illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a); (2) being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); and (3) being an illegal alien in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(5). Pursuant to plea negotiations and a plea agreement, Mr. Sanchez-Guzman entered a plea of guilty to count one. In the agreement, Mr. Sanchez-Guzman stated that he was pleading guilty voluntarily and fully understood the agreement.

At the change of plea hearing, the district court conducted a plea colloquy pursuant to Fed. R. Crim. P. 11. During that colloquy, Mr. Sanchez-Guzman testified that he was not under the influence of drugs and had no mental disease that would hinder his ability to decide to plead guilty. The district court found him mentally competent to understand and appreciate the charges against him and the purpose and consequences of the hearing. Mr. Sanchez-Guzman further stated that he understood the possible sentence he faced and that he was waiving his right to proceed to trial. He also acknowledged that his plea was being made voluntarily and completely of his own free choice; he stated that he was not induced into pleading guilty through threats or promises. Finally, he explained that he reentered the United States after he had been deported before, all the while knowing that

it was illegal to do so. The district court accepted Mr. Sanchez-Guzman's guilty plea, finding it was knowing and voluntary and that he was competent to enter the plea.

Two weeks later, Mr. Sanchez-Guzman filed a request with the district court to withdraw his plea. He contended that he suffered from a fungus that affected his mental ability to plead guilty. After a hearing, the district court denied the motion. Mr. Sanchez-Guzman then filed a motion to have a magistrate consider his motion to withdraw the plea. The district court construed this motion as one for reconsideration and denied it without a hearing.

Mr. Sanchez-Guzman timely filed a pro se notice of appeal. His appointed counsel submitted an *Anders* brief, explaining that, after a conscientious examination of the record, he does not believe this is a meritorious appeal. Pursuant to *Anders*, this Court gave Mr. Sanchez-Guzman an opportunity to respond. He has since filed a document challenging the indictment's allegation that he violated 8 U.S.C. § 1326 and contending that his counsel is under the mistaken belief that he pleaded guilty to a prior offense when in fact he pleaded no contest.

## II. DISCUSSION

As required by *Anders*, we have conducted a full examination of the record before us. *Anders*, 386 U.S. at 744. The record establishes that Mr. Sanchez-Guzman's guilty plea was voluntarily, knowingly, and intelligently made and that sufficient evidence supported his plea and his conviction. The district court did not abuse its discretion in denying his motion to withdraw. Thus, we find no nonfrivolous basis for challenging the

plea.

### III. CONCLUSION

For these reasons, no meritorious appellate issues exist.  Accordingly, we DISMISS Mr. Sanchez-Guzman's appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge